UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 1:20-cr-10183-IT-16 |
| HENRY ESTRELLA, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

March 24, 2025

TALWANI, D.J.

Defendant Henry Estrella pleaded guilty to drug conspiracy and distribution charges and possession of a firearm with an obliterated serial number. Judgment [Doc. No. 654]. The court sentenced him to a 72-month term of incarceration and three years of supervised release. Id. Proceeding *pro se*, Estrella has filed a Motion to Reduce Sentence [Doc. No. 861] arguing that he should receive a two-point reduction to his offense level based on Amendment 821 to U.S.S.G. § 4C1.1 because his criminal history score is zero and the amendment applies retroactively. Estrella has also filed a Motion to Appoint Counsel [Doc. No. 862].

Amendment 821 allows a two-level offense level reduction for defendants with zero criminal history points who meet certain other criteria. See U.S.S.G. app. C, amend. 821 (effective November 1, 2023). At the time of his sentencing on May 16, 2024, Amendment 821 was in effect and the 2023 amended guidelines were used in determining his guideline sentencing range.

Although Estrella had no criminal history points, the Probation Office did not apply the two-level reduction or limit the application of the minimum mandatory sentence in its Presentence Report, presumably because of the gun charge. See U.S.S.G. § 4C1.1(a)(7) (criteria

for two-level adjustment includes "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"); id. § 5C1.2(a)(2) (criteria for limitation on statutory minimum includes that defendant did not "possess a firearm or other dangerous weapon . . . in connection with the offense"). The Probation Office calculated Estrella's guideline offense level to be a level 31, with a minimum mandatory ten-year sentence. The court nonetheless calculated Estrella's guidelines by reducing Estrella's offense level by two levels to a level 29 and allowed a limitation on the statutory minimum mandatory sentence, resulting in a guideline sentence of 87 to 108 months. The court then varied below that guideline sentencing range and imposed a 72-month sentence. Where Estrella has already received a two-level reduction, and the court sentenced him below even that guideline, he is not eligible for resentencing. Accordingly, Estrella's Motion to Reduce [Doc. No. 861] is DENIED.

Because Estrella's motion does not state a colorable claim for reducing his sentence, his Motion to Appoint Counsel [Doc. No. 862] to assist with his Motion to Reduce [Doc. No. 861] is also DENIED. See Gen. Order 23-5 (Procedural Order Concerning Appointment of Counsel and Motions for Retroactive Guideline Applications) (explaining procedure for appointing counsel when "defendant has a colorable claim for relief" under Amendment 821).

IT IS SO ORDERED.

March 24, 2025                    /s/Indira Talwani
                                  United States District Judge